is 525-0067. I believe I've got Mr. Cronin and Mr. Slocum. Is that right? Yes, sir. All right. If you're ready to proceed, go right ahead. Just make sure you announce your name for the records. You're being recorded. Here, sir. Good afternoon. May it please the court, my name is Sean Cronin. I represent attorney Edward Blake in this matter. Thank you for the opportunity to be heard. This is pretty narrow interlocutory appeal regarding a discovery ruling in the trial court. Essentially the discovery ruling was my client, Edward Blake, has been ordered to turn over privileged communications with his former client, Mickey Lewis. Mickey Lewis was the administrator of the estate of her father. That estate still exists. The plaintiff in this case, who's now the public administrator, is now the administrator over that estate. The underlying allegation in the case against my client is one of legal malpractice. And it is that he represented Ms. Lewis and, through some negligence, allowed her to commit malfeasance and allegedly misappropriate funds. And I can tell you that, at least so far as we know, Ms. Lewis is in the wind. She's not party to this case. My client, long before this case was brought, withdrew from this case and hasn't represented Ms. Lewis since 2021. Years later, the trial court appoints the public administrator to oversee this case, as they often do when there's no assets and there's no longer a family member willing to serve as the administrator. After 18 months of presiding over the estate as the public administrator, the public administrator filed this lawsuit against my client. They did not sue Ms. Lewis. They've never tried to find Ms. Lewis. Notably, no one has ever asked Ms. Lewis if she waives the attorney-client privileges she unquestionably has with my client, Ed Blake. And that's where the rubber meets the road. So they asked for our entire file, my client's entire file with Nikki Lewis. My point is, looking at the record, and it's not entirely clear, and we've discussed a little bit about the case in preparation for our argument today, but your client has now turned over the files. Is that correct? Judge, the court ordered us to submit his file with Nikki Lewis to the trial court for in-camera review. It's under seal. Opposing counsel has never seen it. No one else has ever seen it except for me and the trial court. So that was our question, is the issue moved because it's already been turned over, but it's not been really released. It's just been turned over for court review, in-camera review, but it's not been released to anybody else yet. Yeah, and in fact, Your Honor, it was returned back to me when Judge Colker ordered the way he did, and he said, you know, I think that there's been an exception to the attorney-client privilege here, and I think they should get this stuff for the reasons set forth in our brief. And in the court's transcript, I objected, I strongly objected, and said, Judge, if you give that to them right now, then the issue will be moved. And he understood, and he gave it back to me. So those privilege documents are back at my office, safety in a locked drawer. Is that like a few good men joke, strongly object? Oh, he strongly objected, yes. I wish it would have been. I think it's ingrained in my head. But anyway, so no, it hasn't been produced.  Counsel filed a motion to compel. We objected based on privilege. I think there's no question in the trial court or with counsel, and you'll hear from opposing counsel today, that these do constitute privileged communications. But they cited a number of cases in their brief that the Supreme Court and Illinois courts have said Mr. Blake's duty was not to the administrator or the executive estate, the duty was to the estate. And so how do you counter that? I agree that's the core issue that I know opposing counsel will argue. Their position is, and I think narrowly, is there's case law that says the lawyer for the administrator has a duty to the estate. Ergo, if a new administrator on behalf of the estate sues him, that's just like anybody else suing their own lawyer. And that waives the attorney-client privilege. And that is not the case. First of all, there is not a single case that they considered that says that. This is a novel concept. This has never been before a published court case in Illinois. And that's because it isn't true. The distinction is, because a lawyer might have a duty to the administrator who has a fiduciary duty to the estate, and that means the lawyer might have a duty to the estate as a whole, that doesn't change the fact that his client is the administrator. Let me interrupt you for a moment. Was there a contract between Mr. Blake and wasn't that contract for the estate? Judge, I cannot tell you right now, and I don't believe it's in the public record, whether or not the contract with his client. In fact, it might be in the public record. Doesn't the transcript reference, doesn't Judge Coker reference a contract either in the order of the transcript where he says that Mr. Blake was representing her on behalf of the estate? Judge, he represented her as the administrator. So he represents Nikki Lewis as both Nikki Lewis and in her role as the administrator on behalf of the estate. So Nikki Lewis has a fiduciary duty to the estate. She, in fact, has to sign a bond and an oath of office because she represents the estate and has that fiduciary duty. Mr. Blake, like all lawyers that represent administrators or executors, don't have to sign that because they don't directly represent the estate. Their duties go through the administrator. And so, and I think it moves the law. So that would imply that if the administrator wanted to do something contrary to what the estate requires, that the attorney would then be obligated to follow the whim of the administrator. Is that what you're saying? It's not, Your Honor. How do you reconcile those two comments? Right. And I understand that that is, that's the problem that I think the trial court and opposing counsel are trying to create that doesn't exist. So a lawyer can have a duty to do the right thing by an estate and follow the law. That doesn't correspondingly mean that his communications with his client, Nikki Lewis, that person, don't remain privileged. It can be both things. Judge, we're not here on a motion to dismiss. The case against Mr. Blake and the allegation that he has duties to the estate that they've alleged he breached, I'm not here arguing that those should be dismissed. In fact, we did argue that in front of Judge Coker. He denied that. So the case moves forward on the claims of malpractice against Mr. Blake. This is a much narrower issue, which is, are his communications between Nikki Lewis, who hired him, and himself privileged? But if his duty and obligation is to the estate and he has to follow up the estate, if there was something contrary to that, wouldn't his obligation be to the estate if Nikki Lewis was doing something contrary? I mean, you can't serve two masters is what I'm getting at. Judge, let me say this. The estate is essentially a figment, right? The estate is a legal creation that essentially embodies the rights of the beneficiaries, right? The estate is the rights of the beneficiaries. In case law, Illinois is very clear that the lawyer does not owe the direct duty to the beneficiaries, and beneficiaries cannot sue him. And much more importantly, beneficiaries cannot pierce the attorney-client privilege. Nikki Lewis still has that privilege with her lawyer. And which case cites the proposition? Which case are you suggesting cites the proposition that the beneficiary can't pierce the attorney-client privilege between Ms. Lewis and Mr. Blake? Judge, I apologize. I know that I have it cited in my brief. Grimes v. Sakely. The court holds the attorney represented the administrator, not the beneficiaries, and that the attorney owed no duty to the beneficiaries directly. But that's the beneficiaries. Yes. And what I'm saying, Your Honor, is that the beneficiaries' interests is what the estate is. The estate itself cannot bring the claim or be sued directly. The estate, much like a trust, exactly like a trust, can only sue or be sued by or through the trustee, right? That's why the public administrator is the plaintiff here, not the estate. So when they say the estate is suing Mr. Blake, that's not true. The public administrator is suing Mr. Blake. And what they're really saying is that public administrator stands in the shoes of Nikki Lewis, his client, who was the public administrator, and therefore the public administrator has the power to waive that attorney-client privilege. And that really is where the rubber meets the road. Who can waive the attorney-client privilege? And respectfully, I would suggest that whether he has a duty to the estate to follow the law is a separate question than that. And it's because the attorney privilege is sacrosanct. It is central to our system of criminal and civil justice. It is also in the Moy case law that the administrator has an absolute right to independent counsel. And I say that again, an absolute right to independent counsel, just like a trustee does or an executor does. You can't have a right to independent counsel if someone else can come along and waive your privilege and take that from you. Attorney-client privilege is dovetailed. It's intertwined with the right to counsel in the first place. That's, in fact, the way the Moy law discusses it. You have to have an absolute freedom to talk to your lawyer and know that someday, outside your power, those communications aren't going to be disseminated to everybody else. Otherwise, you don't really have a lawyer. And Nikki Lewis hasn't waived that privilege. She's not here. They can sue her. They can go find her. They can ask her if she wants to waive it and say, we think you're a lawyer and you did something wrong. But they haven't done that. They're just saying that someone else gets to waive her privilege for her, and my client had to bring up this appeal. And the reason is Illinois Rules of Ethical Conduct 1.6 says in very strong language, you cannot disseminate or breach the attorney-client privilege with your client. And my client, like his client, was Nikki Lewis. If he had voluntarily complied with this order, I think he would have ethical issues. And that was his concern. And so we have to be good before you to challenge this. And the other thing is, right now it's about documents, but tomorrow it's going to be about deposing Mr. Blake, about all of his communications with Nikki Lewis, who was his client. And that should not be allowed to happen. That is, in that sense, this is a Trojan horse to pretty much eliminate the right to counsel by administrators and executors and trustees. Because if any time, if you get removed as a trustee or administrator or executor, some other administrator or executor or trustee can come in and they now have the right to waive your privilege, and that's not the law in Illinois now, and it should not be the law in Illinois. And if you ruled that way, this would be making a new law, and as we pointed out in our brief, it would be essentially adopting something called the fiduciary duty exception to the attorney-client privilege. And Illinois has expressly rejected that. They've said you cannot do that in a lot of other states. The majority of states, in fact. If you're a trustee or administrator and you have a lawyer, that privilege can get passed to the next fiduciary. And I understand the logic behind that. But the state of Illinois has said no, we don't do that. You as the administrator, as Nikki Lewis, the administrator, you retain your privilege. And it doesn't run to the beneficiaries or the estate or the next public administrator. By the way, we have two new public administrators here. There was a person named Maxine Horner, and she was the public admin, and then she was replaced by a new one named John Pulaski. Counsel here today represented both of them. I would suggest if they get their way, then... What's the attorney to do? Say, well, you don't have to. The attorney now becomes almost a co-conspirator with the executor to disregard the law. The executor says, I don't want to give the money to my brother and sister. I want to keep it all myself. Is the attorney representing the estate or is the attorney representing the administrator to carry out the administrator's request? I mean, that seems like if the duty is to the administrator and the administrator is not following the law, the attorney just has to go along with that and give the seal of approval to the wrongful conduct of an administrator? No, absolutely not. I think they have ethical duties, of course, to comply with the law, as we all do. As an officer of the court... What was going on here, John? I'm sorry I can't tell you, estate. My duty is to the administrator. That doesn't seem to be in accordance with the whole purpose of the probate. Judge, I understand that, and I think the distinction is that they can have ethical issues for refusing to follow the law and honoring that duty. They can be sued for negligence, as my client is being sued for negligence. They just can't be compelled to disclose attorney-client privileged information with Ms. Lewis. That's it. They still can have a duty to the estate to comply with the law and the Probate Act. They still have a duty to make sure that somebody's not stealing money. Their allegation is that he didn't do enough to do that, and they can sue us for that, and he can be liable for that if they prove that in a court of law to a jury. But to piggyback on that, the privilege is to the estate, not to Ms. Lewis. Mr. Blake represented Ms. Lewis in her capacity as the administrator of the estate. You're right. She can have her own lawyer. He could have represented her individually and separately. That's not what he undertook pursuant to the contract, correct? No, I disagree. He represented Nikki Lewis and in her capacity as administrator of the estate. He can do both of those things, and she's entitled to have independent counsel to do both of those things. And if he messes up and does something wrong, then he can get sued for that. But the case law that says the beneficiaries can't ever sue him or pierce the privilege, this would just be the exception to that rule that follows the whole rule. If the administrator can say, well, I'm the estate now, and now I think we should get all this privilege material, I'm suggesting then that could happen. A, it's not the law. There's no cases about it, which really I think should be telling to the court. There's not a single case that says exactly what they're saying, which is the attorney has to sue the estate, ergo – I'm sorry, I see that my time's over. Can I finish that thought? Ergo, that privilege is now destroyed. That is the logical leap that the Illinois law does not allow. And the case that says the same is true for beneficiaries is how you know it doesn't allow it. And the fact that the court has rejected the fiduciary duty exception is how you know the law doesn't allow it. So we would just ask that you overturn the compulsion of privilege information in the trial court, overturn the friendly contempt order, and remand us back to continue this case. Thank you very much. And I'm sure you'll have your time for a while. Thank you. Good afternoon. May it please the court. My name is Paul Slocum. I represent John Pulaski as public administrator of the estate of Benny James Farrell. The client. The estate's the client. The case of a state – there's really two cases you can look at that weave you through this whole answer. The estate of Hudson v. Tibble. Let's start with that. In that case, the only plaintiff remaining was the estate. The issue in that case was whether Illinois law recognizes the general proposition that an attorney owes a duty to an estate when said attorney is hired by the estate's representative for purpose of administering the decedent's estate. That's exactly what we have right here. But Hudson goes beyond saying that the lawyer being hired by the administrator owes a duty to an estate. It goes two steps further. It says its sole allegiance is to the estate if there is an apparent conflict. It goes further than that. Page 114. Based on Illinois case law, which makes clear that an administrator is required to act in the best interest of the estate, it seems axiomatic to this court that when an attorney is retained by an administrator for the purpose of administrating the estate, its client is in actuality the administrator of the estate and the estate due to the symbiotic nature of their concurrent existence. The administrator only acts to serve the estate and the estate cannot act but through the name of the administrator. Thus, we find the attorney-client relationship between an attorney and an estate to be inherent when the attorney is retained to assist in the administration of the estate. That's what we have here. So let's take that next step. At-issue waiver. In Shapo v. Tires and Tracks, which is in our brief, in Illinois, however, both the attorney-client privilege and the work product privilege may be waived as to communication, quote, quote, at-issue, quote, by a party who is a holder of the privilege. In that, thus, when a client sues an attorney for malpractice, and that cites a malpractice claim in there. This is really pretty simple and the law is established on this. And one interesting thing I thought brought up by counsel is, well, we had Nikki Lewis as an administrator and now we've got a new public administrator. So we've got different administrators. Does that change the analysis on who the client is? And the answer, again, is in the state of Hudson because that was raised by the defendant in that case. They said, they raised that issue. Well, we've got two separate administrators here, so they've got to be separate and different for purposes of attorney-client. At page 114. However, their characterization of the estate as two separate entities, the Lettie administration and the Caruso administration, is not supported by law. Period. Hard stop. The troubling thing is in counsel's initial opening brief at page 5. They flat out say, Mr. Blake did not represent the estate. At page 2 of the reply, they say, Mr. Blake's client was Ms. Lewis. And her role as administrator and as a beneficiary of the estate. And with all due respect, that right there is malpractice. The idea that he would be representing this Nikki Lewis to get the estate set up, the duty of an administrator is to marshal the assets and preserve the assets and pay them off. But apparently now they're saying we also represented her as a beneficiary. And this is a beneficiary that this lawyer helped get her appointed into a position of power where she took all of the assets of the estate. $376,000. He filed a motion to try to get a bond issued, but no bond was ever issued. So yeah, this case will proceed no matter how you rule. But let's move our mind's eye to the deposition. And I ask a question of Mr. Blake. I'm bringing a legal malpractice claim. I've got to find out what the advice was or what the advice wasn't. How in the world can we get to the proof of what he did or didn't do without asking him and without him giving us an answer? So I don't, I'll entertain any questions, but I don't know what else to say other than taking you through those three cases, which to me unequivocally state the law. Um, so. No questions. Thank you. Mr. Cronin, your rebuttal. As the court suspected and already understood, counsel focuses on he has a duty to the estate. He had a duty to follow the rules and help Nikki Lewis administer the estate according to the law and ethically. And there's no dispute about that. He had those duties. He can be sued for violating those duties. They are suing him for violating those duties. Somebody could report him to the A.R.C. if they really thought that he did that. That's fine too. That is different than whether or not Nikki Lewis still retains her attorney-client privilege with Mr. Blake and whether or not Mr. Blake can be compelled to disclose that information at the risk of maybe being disbarred if he were to do so. If you read Rule 1.6 and you can read the list of people that have been disbarred, it includes people that have divulged attorney-client privilege information. It is sacrosanct. We talk about who holds it. He says, well, Waver, Maxine Horner waived it. John Pulaski waived it, the two subsequent public administrators. Those two people didn't hold that privilege for Nikki Lewis. They have a duty to the estate just like my client did. But that doesn't mean they acquired the ability to waive that privilege and acquired that privilege. They have the same duty to advocate for the estate and follow the law and follow the ethical rules in the Probate Act as Nikki Lewis did when she was the administrator. But I can't ask counsel, Mr. Slocum, what they told him any more than he can ask Nikki Lewis what she told Mr. Blake. He's represented both of these administrators. Is that privilege now pierced? Because there's been two administrators and they have the same lawyer? What if we file a counterclaim against those administrators and say, well, you didn't find Nikki Lewis who stole this money. Now, you as the administrator, Mr. Pulaski, do you think that you've contributed? You've contributed to our negligence. Now that we've alleged that, do we get to talk to Mr. Slocum and find out everything he said to Mr. Pulaski and everything Maxine Horner said to him? That's what I mean when I say it's a Trojan horse in the snowball. It is a Pandora's box of you can almost always find an argument where the privilege should be pierced. Well, this guy had a duty and now this person and really they should have done this. And if they did something wrong, we should be able to invade the privilege. And those are different issues. Counsel talked about, well, how am I supposed to prove my case? Rule 201 in Illinois, in the discovery rule, specifically addresses that and says, in the case law says, look, everybody having access to all the evidence, everybody having access to all the evidence, is a criminal. And that evidence and discovery is the goal. But the privilege is so sacrosanct, we understand it conflicts with that goal. Of course privilege information is often relevant. It's super relevant. But that doesn't mean that you should – that's not the argument. You don't balance whether something's really evidentiary relevant to whether or not we should pierce that privilege. Well, that might be important, so we should pierce the privilege to take away someone's attorney-assigned privilege because it might really matter to submit this to the jury. I'm suggesting you shouldn't consider that at all. And Rule 201 explains why you can't consider that at all. That's not the issue. So we think that this violates not just the letter, but the spirit of the law. We understand that the issue of the duty to the estate, I think, is being conflated with who holds the privilege. And he says it might have been malpractice for counsel to represent Mickey Lewis in multiple capacities. I don't know. That's not what we're here to talk about today. And someone can sue him for that. Someone can bring up an ethics thing for that. I don't think he did anything wrong, by the way. But that is not in the briefs. That wasn't argued at the trial court level. And I'd also point out at the trial court level, you're not going to find any briefing from counsel. This was all in the transcripts. There's a very small record. And the duty is on them to establish this exception. And they did not establish this exception. The court kind of came up with this exception. And you read in the transcript, he kind of flops around, and he seems to focus mostly on convenience. He's like, look, I already looked at this stuff. There's nothing bad in there. How about we just give it to him and move this case forward? And I understand that judicial economy is important. But judicial economy is not more important than the injury and client privilege. Again, you don't do a balancing test. Well, it would be really efficient if we could just pierce this privilege and find out what everybody said. That's almost always true. And the court is required, as we put it in our brief, to come up with a very specific holding, exactly why he held the way he did, whether there was a privilege, who had it, and then whether there's an exception under Illinois law that justifies piercing that privilege. And the court didn't do that. If you look at the transcript, he kind of goes, I don't know, the state's the client, I mean, just go ahead and give it to him. And that really is kind of the extent of the analysis. And we don't think that's sufficient either. So, again, we think the case law is clear. We do also think that they're trying to shoehorn in this fiduciary duty exception that does not exist under Illinois law. And that's really what this is. A rose is a rose, by any other name. And we think this would really be kind of a catastrophic Trojan horse to the concept of attorney-client privilege. Thank you. Other questions? No questions. Thank you. Thank you very much. Obviously, we'll take the matter under advisement. We will issue an order in due course. And I hope you have safe travels back home.